UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-154 |
| | ) | Judge Phillips |
| THERON MARTIN | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Theron Martin has filed a pro se "Motion to Modify Sentence Under 18 U.S.C. 3582(c)(2) Pursuant to the Fair Sentencing Act of 2010" [Doc. 32]. Specifically, defendant asks the Court to vacate and modify his sentence pursuant to Amendment 750 of the Fair Sentencing Act of 2010 as made retroactive by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

I.  Background

On June 13, 2008, defendant entered guilty pleas to all four counts of the Indictment – two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Counts One and Two); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Four). On March 2, 2009, defendant was sentenced to a total term of imprisonment of 301 months, consisting of one month each on Counts One, Two, and Four, to be served concurrently, and a term of 300 months on Count Three to be served consecutively to the terms imposed on Counts One, Two, and Four [Doc. 25]. The term of imprisonment

imposed for Count Three was the statutory mandatory minimum pursuant to 18 U.S.C. § 924(c)(1)(C)(i) and due to the defendant's prior conviction for violating § 924(c).

II.     Analysis

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One such exception is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act, which was enacted on December 21, 2018, expressly permits sentence modification for some defendants.

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).

The Fair Sentencing Act altered the statutory penalties for controlled substance offenses under 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B); it did not alter the statutory penalties for offenses under subsection 841(b)(1)(C), defendant's drug offense of conviction. At the time of his sentencing, there was no mandatory minimum for the

2

offenses in Counts One and Two and the Fair Sentencing Act did not change that. Thus, the retroactive application of the Fair Sentencing Act does not offer defendant any relief as his drug offenses were not "covered offenses" as defined by the First Step Act.

Further, as the Court has ruled in a previous challenge to his sentence [Doc. 31], subsequent amendments to the U.S. Sentencing Guidelines have not altered any provisions of the advisory Guidelines calculation that would benefit the defendant. Moreover, no changes to the Guidelines for drug offenses would alter the statutory mandatory minimum as to Count Three. Accordingly, defendant is not eligible for any of the requested relief.

The defendant's motion to modify his sentence [Doc. 32] is **DENIED**.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE